WO  MW

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ikemefula Charles Ibeabuchi, | No. CV-20-02040-PHX-JAT (JZB) |
| Petitioner, | |
| v. | **ORDER** |
| F. Figueroa, | |
| Respondent. | |

Petitioner Ikemefula Charles Ibeabuchi (A# 070-675-261), who is detained in the CoreCivic Eloy Detention Center ("EDC") in Eloy, Arizona, has filed a pro se Petition Under 28 U.S.C. § 2241 For A Writ Of Habeas Corpus By A Person In Federal Custody (Doc. 1) and an Application to Proceed In Forma Pauperis (Doc 2). The Petition and this action will be dismissed, and the Application will be denied as moot.

**I.     Background**

Petitioner is a native and citizen of Nigeria. He entered the United States on or about August 13, 1993 on a B1/B2 visa, and in 1996, he adjusted his status to that of a lawful permanent resident. *See Ibeabuchi v. Eggleston*, No. CV-17-04750-PHX-JAT (JZB), Doc. 10 at 12-13 (D. Ariz. July 6, 2018).

On February 19, 2002, Petitioner was convicted in the Clark County District Court in Nevada, case no. C161262, of battery with intent to commit a crime and attempted sexual assault, and was sentenced to consecutive terms of imprisonment ranging between 24 and 240 months, followed by lifetime supervision. *See State v. Ibeabuchi*, No. 46462, Doc. 06-

18774 (Nev. Ct. App. Sept. 12, 2006); *Ibeabuchi v. Palmer*, No. 3:06cv00280, Doc. 1-3 at 5-6 (D. Nev. May 16, 2006).[1]  In 2003, Plaintiff pleaded guilty to attempted sexual assault and sexual abuse in the Maricopa County Superior Court, in Arizona, case no. CR1999-095310, and was sentenced to two years in prison followed by lifetime probation.  *See State v. Ibeabuchi*, No. 1 CA-CR 16-0542, 2017 WL 5586968, at *1-2 (Ariz. Ct. App. Nov. 21, 2017).  Plaintiff was released from the Arizona Department of Corrections on January 10, 2004 to the Nevada Department of Corrections.  *Id.*[2]

On October 5, 2004, Petitioner was ordered removed from the United States to Nigeria by an immigration judge in Las Vegas, Nevada.  (Doc. 1 at 11.)  Following his release from prison in Nevada, on February 28, 2014, Petitioner was transferred into the custody of United States Immigration and Customs Enforcement ("ICE").  (*Id.* at 9.)  Petitioner alleges that on April 1, 2015, United States Citizenship and Immigration Services ("USCIS") "granted his Form I-325 to renew his expired status." (*Id.* at 4.)  On May 11, 2015, he filed an appeal of his 2004 removal order with the Board of Immigration Appeals ("BIA").  (*Id.* at 14.)  The BIA denied the appeal as untimely on August 11, 2015 and returned the record to the immigration court without further action.  (*Id.*)

The Nigerian government declined to issue travel documents for Petitioner's removal to Nigeria, and on November 19, 2015, he was released from ICE custody.  (*Id.* at 4.).  He alleges that on January 27, 2016, USCIS granted his application to renew his permanent resident card, Form I-90, and he was issued a renewed card on September 3, 2016, which expires in September 2026.  (*Id.* at 5.)  Petitioner further alleges that on March 23, 2016, he submitted an application for naturalization, Form N-400, and he "received a package of civic test/question[n]aires and was informed that he w[ould] be [] notified by mail [as] to the date of [his] interview and swearing-in ceremony." (*Id.* at 6.)

---

[1] *See also* https://www.clarkcountycourts.us/Anonymous/CaseDetail.aspx?CaseID=7662404.

[2] *See also* https://corrections.az.gov/public-resources/inmate-datasearch (ADC inmate no. 177007).

On October 5, 2016, Petitioner was by arrested by the Maricopa County Sheriff's Office, and on February 12, 2018, the Maricopa County Superior Court found Petitioner had violated the terms of his probation in CR1999-095310, revoked his probation, and imposed a presumptive 3.5 years' prison term for his attempted sexual assault conviction, with 505 days of presentence incarceration credit. *See State v. Ibeabuchi*, 461 P.3d 432, 436 (Ariz. Ct. App. 2020). ICE then issued an immigration detainer requesting that it be notified prior to Petitioner's release from criminal custody. *Ibeabuchi v. Eggleston*, No. CV-17-04750-PHX-JAT (JZB), Doc. 10 at 30 (D. Ariz. July 6, 2018).[3] In August 2020, Petitioner's sentence was amended to include an additional 53 days of pre-incarceration credit, and on September 23, 2020, he was released and transferred into ICE custody. (Doc. 1 at 8, 18-23.)

On November 5, 2020, Petitioner appealed the BIA's 2015 decision to the Ninth Circuit Court of Appeals. *See Ibeabuchi v. Wilkinson*, No. 20-73282 (9th Cir.). The appeal was dismissed as untimely on December 29, 2020. *Id.*

**II.    Petition**

In the Petition, Petitioner names EDC Warden Fred Figueroa as the sole Respondent. Petitioner challenges the BIA's August 11, 2015 decision, which he refers to as "the Agency's Decision," and seeks his "release from custody and discharge." He brings four grounds for relief.

In Ground One, Petitioner claims "the Agency's Decision was illegal" because he "was granted approval to renew his expired status by the USCIS on April 1, 2015." (Doc. 1 at 4 (commas and capitalizations altered).)

In Ground Two, Petitioner claims that the "granting and process[ing] of [] Petitioner's Form I-90 by the USCIS . . . on January 27, 2016 . . . [superseded] the Agency's Decision." (*Id.* at 5 (comma and capitalizations altered).)

In Ground Three, Petitioner claims that the "granting and process[ing] of [] Petitioner's Form N-400 for Naturalization by the USCIS . . . on March 23, 2016 . . .

---

[3] *See also* https://inmatedatasearch.azcorrections.gov/PrintInmate.aspx?ID=177007.

[superseded] the Agency's Decision." (*Id.* at 6 (capitalizations altered).)

In Ground Four, Petitioner claims that because his "removal order was reviewed for judicial error on August 11, 2015 by [the] agency," and he has "no probation left []or existing charges . . ., the burden of proof of illegality is upon the Respondents." (*Id.* at 7 (comma and capitalizations altered).)

### III.   Habeas Corpus Review

A federal district court is authorized to grant a writ of habeas corpus under 28 U.S.C. § 2241 where a petitioner is "in custody under or by color of the authority of the United States . . . in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §§ 2241(c)(1), (3). The writ of habeas corpus historically "provide[s] a means of contesting the lawfulness of restraint and securing release." *Department of Homeland Security v. Thuraissigiam*, 591 U.S. ___, 140 S. Ct. 1959, 1969 (2020); *see also Munaf v. Geren*, 553 U.S. 674, 693 (2008); *Trinidad y Garcia v. Thomas,* 683 F.3d 952, 956 (9th Cir. 2012) (habeas corpus "provides a remedy to non-citizens challenging executive detention."). Habeas corpus review in federal district court is not available, however, for claims "arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders," 8 U.S.C. § 1252(g), "arising from any action taken or proceeding brought to remove an alien," 8 U.S.C. § 1252(b)(9),[4] or "challeng[ing] a 'discretionary judgment' by the Attorney General or a 'decision' that the Attorney General has made regarding [an alien's] detention or release," *Demore v. Kim*, 538 U.S. 510, 516 (2003) (discussing 8 U.S.C. § 1226(e)); *see also* 8 U.S.C. § 1252(a)(2)(B)(ii) (precluding review of other discretionary decisions and actions specified by statute).

District courts are directed to screen habeas corpus petitions before requiring the government to file a response. A district court may summarily dismiss a habeas corpus petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner

---

[4] *See also* 8 U.S.C. § 1252(a)(5) (the court of appeals "shall be the sole and exclusive means for judicial review of an order of removal").

is not entitled to relief in the district court." Rule 4, foll. 28 U.S.C. § 2254.[5] *See also McFarland v. Scott*, 512 U.S. 849, 856 (1994) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face"); *Clayton v. Biter*, 868 F.3d 840, 845 (9th Cir. 2017) ("District courts adjudicating habeas petitions … are instructed to summarily dismiss claims that are clearly not cognizable."); *Gutierrez v. Griggs*, 695 F.2d 1195, 1198 (9th Cir. 1983) (Rule 4 "explicitly allows a district court to dismiss summarily the petition on the merits when no claim for relief is stated").

Here, Petitioner fails to state a claim for habeas corpus review. He does not allege that his continued detention violates any particular federal law or constitutional right, nor does he clearly articulate any legal ground which entitles him to habeas corpus relief. For example, he does not claim that Respondent lacks statutory authority to detain him, that his detention is unconstitutionally indefinite because there is no significant likelihood that he will be removed in the reasonably foreseeable future, or that he has been subject to prolonged post-removal order detention without a bond hearing before an immigration judge in violation of the Due Process Clause of the Fifth Amendment. *See e.g., Jennings v. Rodriguez*, 583 U.S. ___, 138 S. Ct. 830 (2018); *Zadvydas v. Davis*, 533 U.S. 678 (2001); *Diouf v. Napolitano*, 634 F.3d 1081 (9th Cir. 2011).

Insofar as Petitioner appears to claim that the BIA wrongly dismissed his appeal and he should not be detained or removed because he had (or has) immigration status, his challenges are barred from habeas corpus review under 8 U.S.C. §§ 1252(a)(5) and (b)(9). While Petitioner "seeks relief from immigration detention without asking the court to exercise jurisdiction over his final order of removal," his claims are "wholly intertwined" with his removal order. *See Singh v. Holder*, 638 F.3d 1196, 1211 (9th Cir. 2011); *see also J.E.F.M. v. Lynch*, 837 F.3d 1026, 1031 (9th Cir. 2016) ("Taken together, § 1252(a)(5) and § 1252(b)(9) mean that *any* issue–whether legal or factual–arising from any removal-related activity can be reviewed only through the [petition for review] process" before the

---

[5] The Rules Governing Section 2254 Cases in the United States District Courts apply to habeas corpus proceedings under § 2241. *See* Rule 1(b), foll. 28 U.S.C. § 2254.

court of appeals); *Martinez v. Napolitano*, 704 F.3d 620, 622 (9th Cir. 2012) ("When a claim by an alien, however it is framed, challenges the procedure and substance of an agency determination that is 'inextricably linked' to the order of removal, it is prohibited by section 1252(a)(5)").

Accordingly, Petitioner fails to state a colorable or cognizable claim for habeas corpus review and the Petition will be dismissed. The Petition will be dismissed without prejudice to Petitioner filing a new petition asserting cognizable habeas corpus claims in a new action.

**IT IS ORDERED:**

(1) Petitioner's Petition Under 28 U.S.C. § 2241 For A Writ Of Habeas Corpus By A Person In Federal Custody (Doc. 1) and this action are **dismissed**.

(2) Petitioner's Application to Proceed In Forma Pauperis (Doc 2) is **denied as moot**.

(3) The Clerk of Court shall enter judgement accordingly and terminate this case.

Dated this 5th day of February, 2021.

James A. Teilborg
Senior United States District Judge